UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE KAPLUN, | ) |
| Plaintiff, | ) Case No. 16-cv-4527 |
| v. | ) Judge Sharon Johnson Coleman |
| EDGEBROOK ACQUISITION 2, LLC; BERNARD GLAVIN, JR.; JOHN B. PTAK; and ROBERT STEJSKAL, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

The Plaintiff, Mike Kaplun, brought this action in the Circuit Court of Cook County against defendants Edgebrook Acquisition 2, LLC (EA2), Bernard Glavin, Jr., John B. Ptak, and Robert Stejskal, asserting claims for breach of operating agreement (Count I), breach of fiduciary duty (Count II), and fraud (Count III). The Federal Deposit Insurance Company (FDIC-R), acting as the receiver for Edgebrook Bancorp (Edgebrook Bank), intervened in this action because EA2 was a pass-through entity for owning stock in Edgebrook Bancorp. The FDIC-R subsequently removed the action to this Court, and now moves to dismiss it pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons that follow, that motion is granted in part and denied in part.

**Background**

The following facts are taken from Kaplun's complaint and are accepted as true for the purpose of ruling on the present motion. EA2 is an Illinois limited liability company that owns an interest in Edgebrook Bancorp., Inc., an Illinois commercial bank. (Dkt. 1-1, ¶ 1). Prior to March 7, 2013, Glavin was a managing member and the president of EA2, Ptak was a managing member, vice president, and chief financial officer of EA2, and Stejskal was a member of EA2. (*Id.* ¶¶ 2–4). Prior to March 7, 2013, Glavin, Ptak, and Stejskal represented to Kaplun that purchasing EA2 stock

1

was a prerequisite to obtaining loans or financing from EA2. (*Id.* ¶ 6). Based on that representation, on March 7, 2013 Kaplun paid EA2 $30,000 to purchase two units of EA2 stock. (*Id.*¶¶ 5, 7). Edgebrook Bancorp., Inc. subsequently failed, rendering EA2 insolvent and Kaplun's shares in EA2 worthless. (*Id.* ¶ 8). Kaplun brought this suit in the Circuit Court of Cook County, claiming that (1) EA2 breached its operating agreement by unlawfully dissolving and thereby causing the loss of his investment, (2) Glavin, Ptak, and Stejskal breached their fiduciary duty to him and EA2, and (3) that Glavin, Ptak, and Stejskal defrauded him. The FDIC-R, as receiver of Edgebrook Bank, removed the action to this Court and now moves this Court to dismiss this case under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Legal Standard

A court must dismiss any action which lacks subject matter jurisdiction. The party asserting jurisdiction has the burden of establishing it under Rule 12(b)(1). *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). On a motion to dismiss for lack of subject matter jurisdiction, "the court is not bound to accept the truth of the allegations in the complaint, but may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt." *Bastien v. AT & T Wireless Servs.*, Inc., 205 F.3d 983, 990 (7th Cir. 2000); *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). However, when reviewing a defendant's Rule 12(b)(6) motion to dismiss, the court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Detailed factual allegations are not required, but the plaintiff must allege facts that when "accepted as true . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

**Discussion**

The FDIC-R contends that Kaplun lacks standing because his claims properly belong to the FDIC-R. The Financial Institution Reform, Recovery, and Enforcement Act of 1989 (FIRREA) permits the FDIC to act as the receiver of a failed bank. 12 U.S.C. § 1821(c), (d)(3); *Farnik v. F.D.I.C.*, 707 F.3d 717, 720–21 (7th Cir. 2013). Once the FDIC is named as the receiver of a failed bank, FIRREA grants the FDIC "all rights, titles, powers, and privileges of the bank, and of any stockholder, . . . of such bank with respect to the bank and the assets of the bank . . ." 12 U.S.C. § 1821(d)(2)(A). FIRREA therefore "allocate[s] to the FDIC not only the closed banks' rights but also any claims that investors might assert derivatively on behalf of the closed banks." *Levin v. Miller*, 763 F.3d 667, 669 (7th Cir. 2014).

Under Illinois law, a shareholder's claim against a corporation may be either direct or derivative. In a direct action, the shareholder individually brings the action against the corporation for an injury that the shareholder personally suffers. *Spillyards v. Abboud*, 662 N.E.2d 1358, 1363, 278 Ill.App.3d 663 (1996). In a derivative action, the shareholder steps into the shoes of the corporation to seek restitution for a common injury to the corporation and its shareholders that she, as a shareholder, would be unable to pursue directly. *Lower v. Lanark Mut. Fire Ins. Co.*, 502 N.E.2d 838, 840, 151 Ill.App.3d 471 (1986). Thus, in determining whether an action is direct or derivative in nature, courts look to the injuries alleged and assess whether they impact the plaintiff individually or whether they uniformly affect the shareholders of the corporation. *Zokoych v. Spalding*, 344 N.E.2d 805, 813, 36 Ill. App. 3d 654 (1976).

As an initial matter, this Court notes that Kaplun has conceded that Count I is a derivative claim that only the FDIC-R has standing to assert. Kaplun, however, contends that Counts II and III are not derivative actions because they concern an individual injury distinguishable from the

3

devaluation of EA2's stock. This injury, as Kaplun describes it, was "adversely affecting the Plaintiff's attempts to get loans or other financing."

Count II, however, alleges only that Glavin, Ptak, and Stejskal "in their individual capacity as officers and member [sic] were fiduciaries of the Defendant Edgebrook and toward the Plaintiff Kaplun and breached their fiduciary duties as aforementioned to the individual members of defendant Edgebrook and specifically toward Plaintiff Mike Kaplun as referred to in paragraph 9, herein." Paragraph 9 of the complaint, which is part of Count I, alleges that EA2 breached the Operating agreement and thereby improperly and unlawfully dissolved EA2. Kaplun has already conceded, however, that his claim for breach of the operating agreement set forth in paragraph nine of the complaint is derivative in nature. Because Count II alleges no breach of fiduciary duty beyond that alleged in Count I, Count II must also allege a derivative injury. *Cf. Ching v. Porada,* 560 F. Supp. 2d 675, 679 (N.D. Ill. 2008) (recognizing breach of fiduciary duty as a "classic injur[y] to the corporation" that "must be remedied" by a derivative action). Count II is accordingly derivative in nature and Kaplun therefore lacks standing to assert it.

Count III alleges that Glavin, Ptak, and Stejskal defrauded Kaplun by representing that in order to receive loans or financing from Edgebrook he had to purchase units of EA2 stock. Because the alleged fraudulent representations were made only to Kaplun, the harm alleged in this count is not universal to EA2's shareholders and therefore constitutes a direct claim that Kaplun has standing to assert under section 1821(d)(2)(A).

The FDIC-R alternatively contends, however, that even if Kaplun has standing to assert Count III this Court does not have jurisdiction over it because Kaplun has not exhausted his administrative remedies. Under FIRREA, courts lack authority to review claims "relating to any act or omission" of a failed bank unless they are first submitted to the FDIC-R in accordance with FIRREA's administrative review process. 12 U.S.C. § 1821(d)(13)(D)(ii). A properly notified

claimant who fails to timely initiate an administrative claim with the FDIC-R loses his right to pursue that claim in a state or federal court against the assets of the failed institution. 12 U.S.C. § 1821(d)(5)(C)(i).

Kaplun's fraud claim is brought only against Glavin, Ptak, and Stejskal, and not against EA2. The FDIC-R nonetheless contends that this Court lacks jurisdiction over that claim because the defendants were acting in their capacity as agents of the bank when they made the allegedly fraudulent representations. The FDIC-R, however, has offered no legal authority to support its conclusory assertion that a tort action brought solely against a bank's agents constitutes a claim "relating to any act or omission" of the bank. *Cf. In re* Adams, 312 B.R. 576, 587 (Bankr. M.D.N.C. 2004) ("It is well settled that a corporate officer or agent may be personally liable for damages caused to third parties by his fraud or false representations even though he is acting on behalf of his employer when the fraud or false representations occur."); *Lawlor v. Scheper*, 101 S.E.2d 269, 271 (S.C. 1957) ("An agent's liability for his own tortious acts is unaffected by the fact that he acted in his representative capacity."). Because the FDIC-R has provided no basis on which this Court could rule that Kaplun's fraud claims against three individuals were required to be subjected to FIRREA's administrative claim process, this Court holds that it has jurisdiction over Kaplun's fraud claims.

Conclusion

For the foregoing reasons, the FDIC-R's motion to dismiss is granted with respect to Counts I and II and denied with respect to Count III. The remaining defendants shall have twenty-one (21) days in which to file their responsive pleading.

IT IS SO ORDERED.

Date: August 25, 2016

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge